USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3-4-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRISSEL GUEVARA, *on behalf of T.A.C.*,

               Plaintiff,

               –against–

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

1:18–cv–09657 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

## INTRODUCTION

Plaintiff Grissel Guevara ("Plaintiff"), who is proceeding *pro se*, brings this action on behalf of her minor child T.A.C., challenging the Commissioner of Social Security's ("Commissioner" or "Defendant") final decision that Plaintiff was not entitled to supplemental security income ("SSI") under Title XVI of the Social Security Act. Before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After careful consideration, Defendant's motion is **GRANTED**.

## BACKGROUND[1]

T.A.C. developed asthmatic allergies at approximately four months old. Compl. ¶¶ 4–5, ECF No. 2. As a result, Plaintiff filed for supplemental security income, which the Social Security Administration ("SSA") denied. *Id.* ¶ 6. Plaintiff then requested a hearing, which took place on June 2, 2017. *Id.* ¶ 7. Shortly thereafter, on August 24, 2017, an Administrative Law Judge ("ALJ") denied Plaintiff's claim. Pl.'s Ex. 2. Plaintiff then requested review of the ALJ's

---

[1] Unless otherwise indicated, the following facts are drawn from Plaintiff's Complaint, and are taken as true for the purposes of this motion to dismiss.

          **COPIES MAILED**

decision, which was denied on August 3, 2018. Pl.'s Exs. 1–2. The ALJ Judge's decision thus became the final decision of the Commissioner. Pl.'s Ex. 2.

The attorney formerly representing Plaintiff in the SSA appeal sent Plaintiff a letter dated August 13, 2018, terminating his representation and informing her that she had "60 days from August 3, 2018 to file a Civil Action." Pl.'s Ex. 1. Plaintiff alleges that on August 31, 2018, she received the SSA letter denying the appeal and informing her of her right to bring a civil suit within 60 days. Compl. ¶ 8. On October 19, 2018, Plaintiff brought the instant action, challenging the ALJ's decision as erroneous and not supported by substantial evidence. *Id.* ¶ 9. A few months later, on January 15, 2019, Defendant filed a motion to dismiss. *See* Def.'s Mot. Dismiss, ECF No. 11. Although the Court's Order dated October 24, 2018, directed Plaintiff to serve an answering brief within 60 days of the filing of the Commissioner's motion, *see* Order of Service and Scheduling Order, ECF No. 6, Plaintiff failed to file such an opposition. Accordingly on December 12, 2019, the Court issued an Order to Show Cause, *see* Order to Show Cause, ECF No. 13, to which Plaintiff timely responded. *See* Pl.'s Ltr., ECF No. 14.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* 663.

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), a Plaintiff has sixty days after receipt of the Commissioner's final decision to initiate a civil action in federal court, challenging such a decision. 42 U.S.C. § 405(g). Regulations further provide that the date of receipt of the decision "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210; *see also Marquez v. Comm'r of Soc. Sec.*, No. 12-CV-08151, 2013 WL 3344320, at *3 (S.D.N.Y. July 2, 2013) (citations omitted) ("To successfully rebut the presumption, . . . a plaintiff must present some affirmative evidence indicating that actual receipt occurred at a later date."). "Because permitting review of the Commissioner's decision is interpreted as a conditional waiver of governmental immunity, the sixty-day deadline is to be strictly enforced." *McCreery v. Comm'r of Soc. Sec.*, No. 18-CV-1744, 2019 WL 5537946, at *2 (S.D.N.Y. Oct. 24, 2019) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)); *see also Borrero v. Colvin*, No. 14-CV-5304, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (citations omitted) ("Failure to file a complaint within the statutory

3

limitation most often requires dismissal of the case, even where the delay is minor and the plaintiff is *pro se*.").

However, the doctrine of equitable tolling is applicable if the plaintiff can "show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstances stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Bowen v. City of N.Y.*, 476 U.S. 467, 480 (1986). Such circumstances include "'where the Commissioner failed to provide adequate notice of the procedural rules governing requests for extensions of filing time,' or 'where a *pro se* claimant received conflicting information about the filing deadline.'" *Muhammad v. Saul*, No. 1:19-CV-07638, 2020 WL 508901, at *2 (S.D.N.Y. Jan. 31, 2020) (quoting *Davila v. Barnhart*, 225 F. Supp. 2d 337, 399 (S.D.N.Y. 2002)).

In this case, the Commissioner's final decision denying Plaintiff's appeal is dated August 3, 2018. Although Plaintiff alleges she did not receive notice of this decision until August 31, 2018, she provides no further factual support for this allegation. *See Marquez*, 2013 WL 3344320, at *3 (finding Plaintiff's unsubstantiated claim of when the final decision was received was insufficient to rebut the five-day presumption). Plaintiff therefore fails to rebut the presumption that she received the Commissioner's decision five days after the notice date; accordingly, the Court finds Plaintiff's claim is untimely. *See Davila*, 225 F. Supp. 2d at 340 (finding a social security appeal untimely despite being one day late). The Court reaches the same conclusion liberally construing Plaintiff's Complaint as alleging the date of receipt of Commissioner's final decision as the date of her attorney's letter; October 19, 2018, is more than sixty days away from August 13, 2018.

4

In addition, the Court finds that equitable tolling is not appropriate in this action. *See Muhammad*, 2020 WL 508901, at *2–3 (citations omitted) ("While courts generally treat *pro se* complaints more liberally, *pro se* status does not by itself invoke equitable tolling without additional justification showing extraordinary circumstances."). Plaintiff did not provide the Court with an explanation as to why the commencement of this action was untimely. Further, Plaintiff received clear and consistent information from both the SSA and her former attorney, regarding the deadline to file a complaint in federal court. Lastly, as demonstrated by Plaintiff's failure to timely file an opposition brief, the Court also cannot conclude Plaintiff has been diligent in pursuing her claims.

## CONCLUSION

For the forgoing reasons, the Defendant's motion to dismiss is **GRANTED**.

**SO ORDERED.**

**Dated:** **March 4, 2020**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**